# Knorr's Appeal.

Article 10 of the act of incorporation of the Philadelphia Saving Fund Society provides that " a book shall be kept at the office in which every depositor shall be at liberty to appoint some person or persons, to whom in the event of his or her death, the moneys shall be paid if not otherwise disposed of by will." By a rule of the society " In case of the death of a depositor, payment can be made only to his or her executor or administrator producing the the book, unless an appointment shall have been made by such depositor, in the book of the society, of a person to receive the same agreeably to the 10th article of the constitution of this society." The book thus alluded to opens : " We who have hereunto subscribed our names, depositors with the Philadelphia Saving Fund Society, do hereby in conformity with the tenth of fundamental articles of the constitution of the said society, and in conformity with the act of the legislature of the Commonwealth of Pennsylvania, incorporating the same, passed the 25th of February 1819, appoint and direct that all moneys deposited by us respectively, with the interest thereon, which shall be to our respective credits on a balance of our accounts in the books of said society, at the time of our deaths respectively, shall be paid to the several and respective persons and uses as hereinafter declared and set forth opposite to our respective signatures, unless otherwise disposed of by will." *Held*, that the act of incorporation was within the recognised powers of the legislature, and an appointment in pursuance of it was valid.

February 10th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Appeal from the Orphans' Court of *Philadelphia county :* Of July Term 1875, No. 120.

Appeal of George T. Knorr from the decree of the court confirming the report of the auditor in the matter of the account of Susan Knorr, administratrix of the estate of George Knorr, deceased.

The facts are stated in the opinion of this court.

*Thomas Greenbank,* for appellant.—The act of incorporation contemplated the keeping of small savings for sickness or distress, and in case of death the depositors are allowed to appoint in a book kept by the society the person who shall draw the same, doubtless to pay small debts or to defray the expense of burial. No such reason can apply to the depositor of thousands of dollars, and it cannot be conceived that the legislature intended to allow bequests of large sums of money to pass in this manner. A wide door would thus be open to fraud, and the courts ousted of their jurisdiction over the estates of such decedents. By the use of the word " appoint" the legislature did not intend a gift or bequest, but the creation of a trust for the receipt and distribution of the money.

The intention of the act seems to be that small sums should not lie in the fund undisposed of for want of administration, but may be received by the appointee, unless otherwise disposed of by will or administration. And so the officers of the society have con-

strued it; never paying to the appointee when letters were issued to another.

It is submitted that the writing in evidence is a disposition of his property by George Knorr, to take effect after his death, and therefore, a *will*, but not being in conformity to the Statute of Wills, nor the tenth section of the act, is invalid. George Knorr thus died intestate, and his property descended to his heirs, among whom the fund should have been distributed by the auditor after deducting the widow's third.

*John Flint*, for appellee.—By the writing in evidence, George Knorr, the decedent, in his life set apart and directed all moneys deposited by him in the savings fund to his credit should be paid over to his wife at the time of his death, by the Saving Fund Society, without the necessity of taking out letters of administration on his estate, the necessity for which could only arise where the deposit was general, and the depositor died intestate, or made his last will and testament under the rules and regulations relating to payments to depositors.

Mr. Justice PAXSON delivered the opinion of the court, March 3d 1879.

This was an appeal from the decree of the Orphans' Court, confirming the report of the auditor in the matter of the account of Susan Knorr, administratrix of the estate of George Knorr, deceased. It appears that upon the death of the decedent, in 1874, he had on deposit to his credit with the Philadelphia Saving Fund Society the sum of $3742.80, and that in the month of April 1861, he had made an entry in the books of said corporation by which he directed said money to be paid to his wife, Susan Knorr, in case of his death. The society, however, refused to pay it to her unless she first took out letters of administration. This was done, and the money paid over to her. The question for our determination is, whether upon the settlement of her administration account she is entitled to retain this money by virtue of her husband's appointment upon the books of the society, or whether it must be distributed under the intestate laws. The court below awarded it to her, from which decree this appeal was taken by one of the children of George Knorr, by a former wife.

The Act of 25th February 1819, Pamph. L. 32, incorporating the Philadelphia Saving Fund Society, provides (see art. 10, sect. 2), that "a book shall be kept at the office in which every depositor shall be at liberty to appoint some person or persons to whom in the event of his or her death the money shall be paid, if not otherwise disposed of by will." It also appears by the rules and regulations of said society respecting payments to depositors, that "in case of the death of a depositor, payment can be made only to

his or her executors or administrators producing the book, unless an appointment shall have been made by such depositor in the book of the society of a person to receive the same, agreeably to the tenth article of the constitution of this society." The book of said society prepared under this article, opens as follows: "We, who have hereunto subscribed our names, depositors with the Philadelphia Saving Fund Society, do hereby in conformity with the tenth of the fundamental articles of the constitution of the said society, and in conformity with the act of the legislature of the Commonwealth of Pennsylvania incorporating the same, passed the 25th day of February, A. D. 1819, appoint and direct that all moneys deposited by us respectively, with the interest thereon, which shall be to our respective credits on a balance of our accounts in the books of said society, at the time of our deaths respectively, shall be paid to the several and respective persons and uses as hereinafter declared and set forth opposite to our respective signatures, unless otherwise disposed of by will." Following this upon the said book, appears the name of George Knorr, the decedent, and that of his said wife as his appointee, under date of April 4th 1861, and witnessed by the treasurer of the society. The object of the above provision in the charter, and the rule of the society adopted in pursuance of it, is obvious.

The Philadelphia Saving Fund Society was originally a voluntary association of a number of the citizens of Philadelphia and vicinity for "the sole purpose of receiving and investing in public stocks or substantial security on real estate, such small sums as may be saved from the earnings of tradesmen, mechanics, laborers, servants and others, and of affording to industrious persons the advantages of security and interest." The purpose of the society was not changed by its incorporation in 1819. It still continued to be a place for the deposit of the savings of the humble. Art. 14 of its charter limited the deposits of a single depositor to $500 in any one year, and provided that the aggregate deposits should not at any one time exceed $30,000. The individual deposits being in small sums it was seen that unless some method should be devised by which the deposit money could be paid over in case of the death of the depositor without the expense of administration upon his estate, such deposits would in many instances be wholly swallowed up in costs and charges. It was doubtless to remedy this evil that art. 10 was introduced into the charter. It enables the society to pay with safety, and the appointee of the depositor to receive without expense. It was contended, however, on behalf of the appellant, that the reason for this provision fails when large sums are deposited; that to enforce it in such cases would be to open the door to frauds upon creditors, upon the rights of the widow, and of the state as to the collateral-inheritance tax. We have none of these questions before us. When an attempt is made

to defraud creditors, the widow or the state, in this manner, it is probable some means will be found to prevent it. For the present it is sufficient to say that the charter of the company having imposed no limit to the amount of the deposit which may be disposed of in this manner, we have no power to do so.

It is said, moreover, that the terms of the tenth article do not import a bequest or gift of the money; but that the same shall be paid to the appointee, not for his or her own use, but to be held in trust for the depositor's personal representatives. The answer to this is that no trust is expressed on the face of the writing, creating the appointment, nor will any trust be implied from a direction to pay a sum of money to another upon the death of the person giving such direction. The obvious presumption is that it was for the use and benefit of the appointee. In the appointment itself, the power appears to have been reserved to make some other disposition of the money by will. As the decedent died intestate, it is to be presumed he was satisfied that the appointment should stand for the use of his wife.

It was further objected, that the writing referred to was a disposition of his property by George Knorr, to take effect after his death, and therefore a will, and not being in conformity to the Statute of Wills, is invalid. This might be so but for the Act of Assembly which expressly authorizes it. Said act being within the recognised power of the legislature, the appointment in pursuance of it is necessarily valid.

We have no doubt the decedent intended this money as a provision for his wife. That it constituted the whole of the estate has no bearing upon the legal effect of his act. He could have accomplished the same result by making a will. He preferred to appoint and direct the money to be paid to his wife after his death, upon the books of the society. The latter would have been justified, in my opinion, in paying the money over to her without administration. Such is the manifest object and meaning of the tenth article of its charter.

> The decree is affirmed, and the appeal dismissed at the costs of the appellant.