| 75 | 291 |
|---|---|
| f220 | ¹246 |

</div>

## Diligent Fire Company *versus* Commonwealth.

1. A corporation possesses no powers but those which are given by its charter either expressly or impliedly as necessary in strict furtherance of the objects of its creation.

2. The charter of a corporation provided, that it should consist of not more than one hundred active members, and might bestow honorary membership on active members as they might think proper. *Held*, that the corporation could not create honorary members except from active members.

3. A by-law authorized the election of "contributing" members, in the same manner as "active" members. *Held*, that the by-law was void.

4. The power to elect members being incidental to a corporation, the power need not be expressed in the statute, but when the power is limited it cannot be exceeded by the by-laws.

5. A legal member of a corporation cannot without notice be amoved for non-payment of dues.

6. Commonwealth v. Penna. Beneficial Institution, 2 S. & R. 141; Commonwealth v. German Society, 3 Harris 251, recognised.

February 11th 1874. Before AGNEW, C. J., MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia*: No. 120, to July Term 1872.

This was a proceeding for mandamus, commenced February 24th

[Diligent Fire Co. *v.* Commonwealth.]

1872, against the Diligent Fire Engine Company, at the relation of John K. Wetherill.

The petition of the relator set out that on the 1st day of January 1871, and for a long time previously, he had been a member and corporator in the "Diligent Fire Engine Company of Philadelphia," which was incorporated by the legislature of Pennsylvania on the 1st of April 1831 (Pamph. L. 316); that he had a right and interest in the real and personal property of the company, and had committed no act by which he could be deprived of his membership; that his dues under article 3d, sect. 2d of the by-laws were two dollars per annum; that section provides that " the dues of contributing members shall be two dollars per year, payable at the stated meeting in January; and any member who shall neglect or refuse to pay the same, on or before the stated meeting in July, his name shall be stricken from the roll;" that his dues had been paid up to 1871, and that at the stated meeting of the company held March 13th 1871, he tendered to the secretary, whose duty it was to receive the dues, the sum of two dollars for his dues for 1871; the secretary refused to receive them, saying that he had been ordered by the company not to receive them; that about the month of July, at a regular meeting of the company, the relator's name was erased from the list of members, and he unlawfully deprived of his membership, for alleged non-payment of his dues for 1871, although no notice had been given to him of such intention, and no charges had been made against him. He averred that his expulsion was contrary to the by-laws of the company and the laws of the land, and prayed for a mandamus to the company to restore him.

Section 6th of the act of incorporation is as follows:—

" That this corporation shall not consist of more than one hundred active members, who shall be elected by ballot; but previous to the admission of a member, he must be proposed by one member, and seconded by another, at a stated meeting, and balloted for at the next stated meeting, whereupon receiving the votes of two-thirds of the members present, and upon signing the articles of the company, shall become an active member; and while he continues as such, shall be subject to such fines and contributions as the laws of the company may impose; and also that this corporation may bestow the privileges of honorary membership on such active members as they may think proper, and under such regulations as the by-laws may prescribe."

The 3d and 4th sections of Article I. of the By-Laws:—

" Sect. 3. Honorary membership may be conferred upon such active members of five. years' standing who shall have paid all dues and fines, and attended a number of fires equivalent to one-half those occurring during their service; and upon such others as shall pay twenty-five dollars for the privilege. Honorary mem-

bers shall be entitled to all the rights and privileges of active members, but shall be subject to no dues or fines, except for disorder, misconduct or neglect of duty when serving as officers or upon committees, and shall have the privilege of resuming active membership, with their original standing on the roll, by making application in writing to the company.

" Sect. 4. Contributing members shall be elected in the same manner as active members. They shall not be allowed to vote upon any question before the company, or have command of the apparatus, nor be eligible to any office or standing committee; provided, that nothing contained in this section shall interfere with, or impair the privileges guaranteed to contributing members upon the roll prior to September 8th, 1856."

Article 3d, sect. 2, is : " The dues of contributing members shall be two dollars per year, payable at the stated meeting in January; and any member who shall neglect to refuse to pay the same on or before the stated meeting in July, his name shall be stricken from the roll."

The company filed an answer:—

" 1. They deny that the said relator was, on the 1st day of January, A. D. 1871, and for a long time previously, a member of the said company. It is true that the said The Diligent Fire Engine Company was incorporated, &c. (as set forth in the petition). And by the said act it was specially provided, that the said corporation should not consist of more than one hundred active members, to be proposed and elected as therein mentioned, and that the said company might bestow the privileges of honorary membership upon such active members as they might think proper, under such regulations as the by-laws might prescribe. They admit that the relator did, on the 4th day of January 1866, become what was called an ' Honorary Contributing Member,' but they say that such membership did not give him any rights in, or make him a member of, said corporation under its charter.

" 2. That said relator ceased to be such ' Honorary Contributing Member,' on the 10th day of July, A. D. 1871, by reason of his neglect and failure to comply with the by-law of the said company requiring payment of the yearly dues of two dollars per annum. And they deny that he attended the regular stated meeting of the said corporation, on the 13th of March 1871, and tendered to their secretary the sum of two dollars for his dues for the year 1871:

" That the sect. 2d, art. 3, of the by-laws of the said company was in force at the time when the said relator became ' Honorary Contributing Member,' and that on the said 4th of January 1866, he signed an agreement in the following words, to wit : ' We, whose names are hereto annexed, do agree to become Honorary Contributing Members of the Diligent Fire Company, in accordance

[Diligent Fire Co. *v.* Commonwealth.]

with the by-laws of said company,' and thereby bound himself to obey all the said by-laws, and to suffer the penalties imposed for the violation of them.

"3. That by the by-laws the only duty required of an 'Honorary Contributing Member' is the payment of the sum of two dollars a year, and the only penalty imposed upon such members is that of being stricken from the roll for non-payment of these dues within a specified time.    And they say that the said relator did not perform said duty, and did not pay his said dues for the year 1871, on or before the said stated meeting of the said company in July of that year, and he became thereby liable to the penalty imposed by the said by-laws for neglect thereof, and that his name was, in consequence, lawfully and justly stricken from the roll of Honorary Contributing Members of the said company."

It was admitted that the relator was stricken from the roll of members by a resolution, without previous notice to him of such intended action.

The relator demurred to the return:—

1. Because the return does not set forth any sufficient cause of amotion, and  because the proceedings were in all respects irregular.

2. Because the return did not set forth that any notice of the intended proceedings, or of any charges, cause of complaint, or intended expulsion, was ever given to or served upon the relator.

3. Because the action of the defendants, as set forth in their return, in striking the name of the relator from the roll of members of the said company, was illegal and void.

The court sustained the demurrer, and entered judgment for the relator.

The defendants removed the record to the Supreme Court, and assigned for error: Sustaining the demurrer, and entering judgment for the relator thereon.

*E. C. Mitchell,* for plaintiffs in error.—The relator was neither an active member nor honorary member, to which the charter limits membership.    The by-law which allowed the election of contributing members was in direct contravention of the charter, and therefore null: Angell and Ames on Corp., sect. 344–5; Commonwealth *v.* Gill, 3 Wharton 248 ; Phillips *v.* Allen, 5 Wright 482; Rex *v.* Mayor of Weymouth, 7 Mod. 373; Tucker *v.* Rex, 2 Bro. P. C. 304 ; King *v.* Bumstead, 2 Barn. & Ad. 699 ; Rex *v.* Ginever, 6 Term Rep. 732; Rex *v.* Cutbush, 4 Burr. 2204; St. Luke's Vestry *v.* P. Mathews, 4 Dessausure 584.    The relator agreed to be bound by the by-laws; and a bad by-law may be a good contract: Angell and Ames on Corp., sect. 342 ; Stetson *v.* Kempton, 13 Mass. 282.

[Diligent Fire Co. *v.* Commonwealth.]

*P. T. Rainsford*, for defendant in error.—The expulsion without notice and trial was unlawful and void: Commonwealth *v.* The Penna. Beneficial Society, 2 S. & R. 141. It is one of the inherent rights of a corporation to elect members: 1 Black. Comm. 475; Angell & Ames on Corp. 110, 114. Where the words are general, and a statute is only declaratory of the common law, it shall extend to others besides the persons or things named: Potter's Dwarris on Statutes 221; 2 Inst. 256. The by-law, though bad as such, would be good as a contract, and good as between the corporation and the members who assented to it: Angell & Ames on Corp. 110, 241, 292, 342; Chitty on Contracts 312, and authorities there cited; Marshall *v.* Queensborough, 1 Sim. & St. 520; Angell & Ames on Corp. 591. A corporation may regulate, in a reasonable manner, the exercise of a right in its internal affairs in the conduct of its members, *or the mode by which a person is admitted* to the exercise of a right, but it cannot take away a right: 2 Kyd on Corp. 107, 122; Philada. Saving Inst., 1 Wharton 468. A right in a corporation as a corporator may be obtained by contributing to its support in some mode usual in it: Angell & Ames on Corp. 114, 591; Cammemyer *v.* Ger. Luth. Ch., 2 Sand. 186; Hamilton Plank Road Co. *v.* Rice, 7 Barb. 157; Commonwealth *v.* Claghorn, 1 Harris 133. A corporation aggregate is no more than a mere private partnership: Story on Partnership 76, 81.

The opinion of the court was delivered, May 11th 1874, by

MERCUR, J.—A corporation being a mere creature of the law possesses those powers only which are given to it by its charter, either expressly or impliedly, as necessary in strict furtherance of the objects of its creation. It can exercise no powers or authorities, except such as are conferred or authorized by its charter, or those necessarily incident to the powers and authorities thus granted, and, in estimation of law, part of the same: Wolf *v.* Goddard, 9 Watts 550. The plaintiff in error was incorporated under the Act of 1st April 1831, Pamph. Laws 316. The sixth section of the act declares, that the "corporation shall not consist of more than one hundred active members, * * * * * and also, that this corporation may bestow the privileges of honorary membership on such active members as they may think proper, and under such regulations as the by-laws may prescribe." Thus the charter limits the number of active members, and gives no authority to make any person an honorary member, unless he has previously been an active member. In subordination to this organic law, section third, article first of the by-laws declares "Honorary membership may be conferred upon such active members of five years' standing, who shall have paid all dues and fines, and attended a number of fires equivalent to one-half those occurring during their service;

[Diligent Fire Co. *v.* Commonwealth.]

and upon such others as shall pay twenty-five dollars for the privilege. Honorary members shall be entitled to all the rights and privileges of active members, * * * * * and shall have the privilege of resuming active membership with their original standing on the roll, by making application in writing to the company."

Not content however with exhausting the powers given by law for the election of members, the by-laws proceed further. Section four declares " Contributing members shall be elected in the same manner as active members. They shall not be allowed to vote upon any question before the company, or have command of the apparatus, nor be eligible to any office or standing committee. " Section second of article third, declares the " dues of contributing members shall be two dollars per year, payable at the stated meeting in January ; and any member who shall neglect or refuse to pay the same on or before the stated meeting in July, his name shall be stricken from the roll." The design evidently was to extend a kind of social relation only to contributing members. The right of suffrage was denied to them. They were declared ineligible to office. They had no power or authority affecting the business of the corporation. The only duty imposed on them was the payment of a small sum annually. The only penalty imposed for a violation of that duty, is that the delinquent's name be stricken from the roll.

It is true the power of admitting new members being incidental to a corporation aggregate, it is not necessary that such power be expressly conferred by the statute. Yet when the statute does limit and restrict the power, it erects a barrier beyond which no by-laws can pass. The power of this corporation was so restrained. It extended not to the admission of contributing members. No corporation can make valid any by-law in conflict with its charter. That would be to enable the corporation to make a new constitution for itself, and thereby wholly defeat the object of the law which gave it birth.

If the relator had been a legal member of the corporation, he could not have been removed without notice, for the non-payment of his arrearages: Commonwealth *v.* Beneficial Society, 2 S. & R. 141 ; Commonwealth *ex rel.* Fischer *v.* The German Society, 3 Harris 251.

The facts were sufficiently averred in the answer of the plaintiff in error. It follows therefore that the relator as a contributing member has no such legal *status*, under the law creating this corporation, as will enable him to invoke the action of a court to reinstate him as a member.

The learned judge therefore erred in entering judgment on the demurrer, in favor of the relator, and it must be reversed.

<div align="right">Judgment reversed.</div>