# Delphine Thomeuf v. The Knights of Birmingham of Pennsylvania, Appellants.

*Beneficial association—Testamentary character of designation of beneficiary—Test of validity.*

The designation of a beneficiary by a member of a benefit society is in a sense testamentary in character, the claim of the beneficiary being based not on contract but appointment, but the validity of such appointment

when authorized by the charter is valid, notwithstanding the statute of wills. The paper may fall short of being a present and irrevocable assignment of the fund and yet be a valid designation of the beneficiary, if so intended. The test lies in the intent.

*Right of member to designate beneficiary—Act of 1893.*

Where a member of a beneficial association, when he became such member, had the right to designate as a beneficiary a person who was neither a member of his family nor an heir, nor a blood relation, nor an affianced wife, nor a person dependent upon him, he is not deprived of such right by the Act of April 6, 1893, P. L. 7, which is prospective in its operation.

Argued Oct. 12, 1899.    Appeal, No. 152, Oct. T., 1899, by defendants, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1898, No.. 679, on verdict for plaintiff.    Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.    Affirmed.    Opinion by RICE, P. J.

Assumpsit to recover $1,000 benefits from the Knights of Birmingham, payable on the death of Henry C. Shoemaker.

The trial judge refused defendants' points for charge, which were as follows :

[1. If the jury find from the evidence that the defendant is a fraternal beneficial society, your verdict should be for the defendant, unless the evidence satisfies you that the plaintiff is within the classes to whom death benefits may be paid by law, namely, within the classes " families, heirs, blood relatives, affianced husband or affianced wife, or to persons dependent upon the member " of the society.]    [1]

[2. If the jury find from the evidence that the plaintiff was not.a creditor of Henry C. Shoemaker at the time of the designation of her as beneficiary, she has no insurable interest entitling her to benefits payable by the defendant, and if she is not within the classes limited by law to whom such benefits may be payable, your verdict should be for the defendant.]    [2]

[3. The designation stating on its face to be for the payment of board and funeral expenses, the plaintiff cannot recover without proof that board was due her by the defendant, and that she has paid the funeral expenses, and, in the absence of such proof, your verdict should be for the defendant.]    [3]

[4. That the paper offered as a designation is not such a paper, but is simply a will and bequest, and should have been

probated in the register of wills' office, and cannot be received as evidence in this case of an assignment of said benefits, and therefore, your verdict should be for the defendant.] [4]

[5. Under all the evidence in the case your verdict should be for the defendant.] [5]

The court charged the jury as follows:

Gentlemen, this is a peculiar case.   The facts of the case are admitted, and are stated on a paper which I will hand to the stenographer and which is as follows:

" It is admitted that Henry C. Shoemaker was in 1890 and continued down to the time of his death on the 24th day of July, 1896, a member in good standing of Centennial Lodge No. 7, Knights of Birmingham; that as such member of the said Centennial Lodge No. 7, Knights of Birmingham, he was entitled to the sum of $1,000 to be paid to such person as he should designate under the charter of the Grand Lodge Knights of Birmingham, the constitution and by-laws being as follows: ' The purpose of this corporation shall be the maintenance of a society for the mutual benefit and protection of its members and to provide from moneys collected therein, such sums as may be fixed by the by-laws to be paid over, upon the death of any member, to such person or persons as the deceased may have designated to receive the same, as appears on the books of the Lodge of which he was a member; if no designation has been made, then to his widow; if no widow then to his child or children; in default of the foregoing, then to his legal representatives.'   That on the 22d day of June, 1896, the said Henry C. Shoemaker signed the following paper:

" ' Monday, June 22, 1896.

" ' This day of our Lord I do bequeath to D. Thomeuf this one thousand dollars due to me at my death from the Centennial Lodge No. 7, Knights of Birmingham, for board and funeral expenses.

" ' H. C. SHOEMAKER.

" ' BELLA FAITH.
" ' MARY LEX.'

" That the said Henry Shoemaker on that day forwarded this paper to the secretary of Centennial Lodge No. 7, Knights of Birmingham; that the said secretary of said lodge, J. B. Jardinella, in due course received the same, filed it among the records of said lodge, and the following entry was made in the books of the Centennial Lodge No. 7, Knights of Birmingham:

" ' He designated on the books of the lodge that his benefit should be paid to Delphine Thomeuf, residence 1304 Melon street.

" ' J. B. JARDINELLA,
" ' Secretary of Centennial Lodge No. 7 K. of B.'

" That the said Henry C. Shoemaker was able to be about his room at the time he signed the said paper, and was subsequently well enough to leave the house; that the said Henry C. Shoemaker died on the 24th day of July, 1896; that the said Grand Lodge Knights of Birmingham was duly notified of the death of the said Henry C. Shoemaker; that proofs of the death of the said Henry C. Shoemaker were furnished to the said Grand Lodge Knights of Birmingham, in accordance with the constitution and by-laws thereof; and that the said Grand Lodge Knights of Birmingham holds the sum of $1,000, with interest, to be paid to such person as the said Henry C. Shoemaker should designate, or who is entitled to receive the same under the laws of the state of Pennsylvania and the charter, constitution and by-laws of the Knights of Birmingham. That the charter and constitution of the Grand Lodge Knights of Birmingham are part of this admission, and that the Grand Lodge Knights of Birmingham is a corporation organized under the laws of the state of Pennsylvania. That said plaintiff is not a relative or affianced wife of said H. C. Shoemaker, and no funeral expenses have been paid by her."

Those being the facts, the only question is what, under the law, the verdict should be. I instruct you to find a verdict for the plaintiff for $1,095, that being the amount which she would be entitled to receive if she is entitled to receive anything. I will reserve the question for the determination of the full court as to whether she is entitled to anything at all under those facts.

Verdict and judgment for plaintiff for $1,095.   Defendant appealed.

*Errors assigned* were (1–5) refusing to affirm defendants' points, reciting same.   (6) In refusing to enter judgment for defendant non obstante veredicto.

*Charles H. Downing*, with him *Frederick J. Lambert*, for appellants.—There are only two points involved in this case. The first is whether the paper is an assignment or a designation, or, on the other hand, whether it is a testamentary writing and should be duly proven and probated according to law. If the paper is found by the court to be a designation or assignment, it is void as such designation, because it is contrary to the provisions of the Act of April 6, 1893, P. L. 7.

*M. J. O'Callaghan*, for appellee.—In construing the designation of beneficiaries, courts generally regard the form as secondary to the purposes of promoting the intent of the parties; nor is any particular form of words necessary to make a valid assignment of a chose in action, nor is any written instrument required: Bispham's Equity (2d ed.), secs. 167, 168; Bond v. Bunting, 78 Pa. 210; Malone's Estate, 8 W. N. C. 179; Madeira's Estate, 16 Phila. 399; Scott v. Dickson, 16 W. N. C. 181.

The right of a member of a beneficial society to change at will the beneficiary in his certificate cannot be taken away by subsequent statutes or by-laws, when such right existed when his insurance contract was made: Voigt v. Kersten, 164 Ill. 314; 45 N. E. Rep. 543.

The right of a member of a benefit society to change the beneficiary named in the certificate is not defeated. by the refusal of the society to make the change when requested by him: Voigt v. Kersten, 164 Ill. 314; 45 N. E. Rep. 543; Fisk v. Equitable Aid Union, 11 Atl. Rep. 84.

In Ray v. The West Pennsylvania Gas Company, 138 Pa. 576, it was held that the state could not pass an act which would abrogate an existing contract, nor would the courts reconsider and change a rule of law where property had been vested in accordance therewith.

The sound and true rule is that if a contract, when made, was valid by the laws of the state, as then expounded by all the departments of the government and administered in its courts of justice, its validity and obligation cannot be impaired by any subsequent act of the legislature, or the decisions of its courts altering the construction of the law. The ruling applies, it will be observed, not to the general law, common to all the states, but to the laws of the state "as expounded by all the departments of its government," and it is held that contracts valid by these laws may not be impaired, "either by subsequent legislation, or by the decisions of its courts altering their construction." The reference is, of course, to the statute law.

The act of 1893 was considered in Wolpert v. The Knights of Birmingham, 2 Pa. Superior Ct. 564, and it was held that the act did not apply to the case under consideration, as the act was not retroactive.

Therefore, it is respectfully submitted that the judgment should be affirmed.

OPINION BY RICE, P. J., December 13, 1899:

The facts of this case are clearly and fully stated in the charge and need not be recited here. The first question is, whether the paper of June 22, 1896, was a " designation " of a beneficiary within the meaning of the charter and by-laws of the defendant corporation or was merely a testamentary paper requiring probate ? It has been suggested that the use of the present tense and the expression of the consideration for which it was given go to show that the maker intended it as a present assignment of money to become due after death. But it is unnecessary to go to that extreme. The designation of a beneficiary by a member of a benefit society is, in a sense, an act testamentary in character : Burst v. Weisenborn, 1 Pa. Superior Ct. 276. The claim of the beneficiary in such a case is not based on a contract with him, but upon the appointment made by the member, or the direction given by him for the payment of the money : Niblack on Benefit Societies, sec. 229. The validity of an appointment of this nature on the books of a savings fund society when authorized by its charter, was expressly affirmed in Knorr's Appeal, 89 Pa. 93, notwithstanding

the provision of the statute of wills.   " It enables the society to pay with safety, and the appointee of the depositor to receive without expense."   The same purpose was had in view in the present charter.   Therefore, the use of testamentary words in the paper does not conclusively show that it was not intended as a " designation."   In other words, the paper might fall short of being a present and an irrevocable assignment of the fund, and yet be a valid designation of the beneficiary if so intended.   The question is, what was the intent of the member ?   Whatever doubt might arise from the use of the word " bequeath," instead of the word " designate," is repelled by the fact that on the same day he executed it he forwarded the paper to the secretary of the lodge.   If he had retained it in his possession until his death, an entirely different question would be presented.   See Tozer v. Jackson, 164 Pa. 373, 381 ; Kisecker's Estate, 190 Pa. 476 ; Diehl's Estate, 11 Pa. Superior Ct. 293.   In the absence of explanatory evidence, the natural and only possible inference is that he forwarded the paper to the official of the society in order that the designation might be entered on the books of the lodge, as required by the constitution.   The secretary, so construing it, filed it, and made the appropriate entry.   The appointment was then complete and was never revoked.   So that at the death of Henry C. Shoemaker, the plaintiff was prima facie entitled to receive the money because she was the person whom, to quote from the charter, the deceased had " designated to receive the same as appears on the books of the lodge of which he was a member."   There is no proof in the case to overcome this prima facie.

The second question is whether the decedent had a right to designate one as beneficiary who was neither a member of his family nor an heir, nor a blood relation, nor an affianced wife, nor a person dependent upon him ?   He clearly had that right when he became a member, which was three years before the passage of the Act of April 6, 1893, P. L. 7.   This is not denied, and could not be without coming in conflict with the decision of the Supreme Court in Maneely v. Knights of Birmingham, 115 Pa. 305.   It was a contractual right, and, as the system of the society did not require that it be evidenced by a benefit certificate, it was as perfect as if such certificate had been issued to him, in which the provision of the constitution

and by-laws, relative to the payment to the beneficiary to be designated by him, was expressed in the form of a promise. This is not controverted; but it is contended that the act of 1893 was an amendment of the charter which had the incidental effect of depriving the member of the right to designate any one as his beneficiary outside the classes of persons mentioned in the act. We had occasion to consider one phase of this question in Wolpert v. Knights of Birmingham, 2 Pa. Superior Ct. 564, and there held that the act did not affect a designation of a beneficiary made prior to its passage. This was put upon the ground that the statute was " too plainly prospective in its operation to admit of any doubt." But as already noticed, the contract was with the member, not with the designated beneficiary. The latter has not a vested right to the fund until the death of the member. The right of the latter to designate the person to whom the fund shall be paid implies the right to change the beneficiary in the mode prescribed by the constitution and by-laws. Hence it would seem plain that if the statute was not intended to be applied retrospectively so as to affect the mere expectancy of a designated beneficiary it is not to be so applied as to impair the right of the member to designate or change the beneficiary. We are supported in this conclusion by the well considered decision upon the precise question in Voight v. Kersten, 164 Ill. 314; 45 N. E. Rep. 543.

Judgment affirmed.