# Hunter *v.* Firemen's Relief and Benevolent Association.

*Beneficial associations—Designation of beneficiary—Widow and children.*

Where a beneficial association is incorporated for the purpose of accumulating a fund for weekly benefits for disabled members " or for the benefit of the widows and children of deceased members " and a by-law provides that " every member of this association shall designate in writing, the same to be filed with the secretary, the person or persons to whom all money payable by this association in case of his death, shall be payable," and a member dies leaving no widow, but a minor child, and leaving all his estate by will to another person, and authorizing such person to collect from the association the sum payable upon his death, the minor child of the member is entitled to the death benefit, notwithstanding the will.

Submitted April 19, 1902.   Appeal, No. 118, April T., 1902, by Mercantile Trust Company, Guardian, from order of C. P. No. 1, Allegheny Co., June T., 1901, No. 687, making absolute a rule for judgment, in case of Emma D. Hunter, Executrix of Robert C. Rowley, v. Firemen's Relief and Benevolent Association of Pittsburg and Mercantile Trust Company, Guardian, Intervenor.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Assumpsit to recover death benefits.

*Error assigned* was in making absolute rule for judgment for plaintiff.

*Walter G. Crawford,* for appellant.—The distinction between the present case and that of Thomeuf v. Knights of Birmingham, 12 Pa. Superior Ct. 195, is this : in the present case the designation of Emma D. Hunter as beneficiary was by last will and testament, while in the case above cited the member

complied with the constitution and by-laws of the association, and the beneficiary was designated on the books of the association.

The general line of authorities in this as well as other states of the Union, in cases like the present, is that the power of designation of beneficiaries must be strictly exercised within the limitations imposed by the charter and by-laws : Arthars v. Baird, 8 Pa. C. C. Rep. 67; Ballou v. Gile, 50 Wis. 614; Supplee v. Knights of Birmingham, 18 W. N. C. 280; Fodell v. Miller, 193 Pa. 570 ; Northwestern Masonic Aid Association v. Jones, 154 Pa. 99; Maneely v. Knights of Birmingham, 115 Pa. 305 ; Vollman's App., 92 Pa. 50.

No brief was presented by the appellee.

OPINION BY RICE, P. J., July 10, 1902:

The purpose for which the defendant association was formed, as declared in the charter of incorporation granted in 1896, as well as in article second of its constitution, was " the accumulation of a fund by the payment of monthly dues and assessments by the membership, and through such other sources as may be proper and legal; the same to be paid out for the weekly benefits of such members who, by sickness, disability or injury, are unable to perform daily labor, or for the benefit of the widows and children of deceased members, in such sums and under such regulations as the constitution and by-laws may prescribe." There is nothing in the by-laws bearing upon the question before us, but section 3, article 9, provides as follows : " Every member of this association shall designate in writing, the same to be filed with the secretary, the person or persons, to whom all money payable by this association, in case of his death, shall be payable, . . . . and in case of death of two members during the interval of the meetings of the association, the president shall, if necessary, call a meeting of the board of trustees, who shall be empowered to devise such ways and means for the deceased member's family as the exigency of the case may warrant, and until the monthly dues can be properly collected." It appears in this case that Robert C. Rowley, a member of the association, died, leaving no widow but a minor child named Andrew Rowley, for whom the Mercantile Trust

Company is guardian, and without having designated in writing filed with the secretary the person or persons to whom the death benefits should be paid. It is admitted, however, that he left a will in which he gave his entire estate to Emma D. Hunter, named her as executrix and authorized her to collect from the association the sum payable upon his death. The question is, whether she or the guardian of the minor child is entitled to the fund, which the defendant association admits to be due, and has paid into court.

There is a very broad distinction between this case and the case of Maneely v. Knights of Birmingham, 115 Pa. 305. In that case the purpose of the corporation, as declared in the charter and the constitution, was, "the maintenance of a society for the purpose of benefiting and aiding the widows and orphans of deceased members;" but article 19 of the constitution provided that upon the death of a member a certain sum should be paid "to such person or persons as the deceased may have designated to receive the same, as appears on the books of the lodge of which he is a member," etc. The member complied strictly with this latter provision, and the only question was whether it was within the power of the society to stipulate for the payment of the benefits to any person, other than the widow and orphans. The Supreme Court held: "There is no prohibitory or restrictive language excluding from the powers of the corporation the right to contract specially with the member for the payment of benefits to other persons than his widow or orphans. Nor is such contract to be held void by reason of any necessary implication from the language of the charter." But in this case there was no such special contract. The only contract between Robert C. Rowley and the defendant society was that which arose out of his membership. Giving it the interpretation most favorable to him, it was a contract to pay the death benefits to his wife and children, or such of them as should survive him, or to such person as he should designate in the manner prescribed by the constitution. Even if we conceded that, in case he had died leaving neither widow nor children, and without having designated a beneficiary in that manner, his executrix and legatee could recover the money, this would not help the plaintiff's case. We therefore need not discuss that question. Nor is it necessary to decide the question

whether the Act of April 6, 1893, P. L. 7, applies to such an association as this, nor the question whether the deceased member had a right to designate one as beneficiary who was neither his wife, nor his child, nor a member of his family, nor his heir, nor his blood relation, nor his affianced wife, nor a person dependent upon him. Even granting that he had that right, and that upon his exercising it a contract would have been created between him and the association whereby the latter would have been bound to pay the money to such person, the fact remains that he did not exercise nor attempt to exercise the right in the mode pointed out in the constitution. There was no contract to pay to any person he might name in his will. While the designation of a beneficiary by a member of a benefit society is, in a sense, testamentary in its character (Burst v. Weisenborn, 1 Pa. Superior Ct. 276; Thomeuf v. Knights of Birmingham, 12 Pa. Superior Ct. 195), it cannot be revoked nor changed by will when the regulations of the society prescribe a different mode: Vollman's Appeal, 92 Pa. 50; Masonic Mutual Association v. Jones, 154 Pa. 107. For the same reason which controlled the decisions in those cases, a designation by will, which would divert the fund from the persons to whom it would go in the absence of a specific designation in writing filed with the secretary, is invalid. See also Arthars v. Baird, 8 Pa. C. C. Reps. 67. Nothing was decided in Maneely v. Knights of Birmingham, supra, which conflicts in the slighest degree with the foregoing conclusion. It follows that the guardian of the minor child of the deceased member is entitled to, and in an appropriate proceeding should be awarded, the fund in court, unless other sufficient cause be shown to the contrary. But in the present state of the record all that we can do is to set aside the order and judgment appealed from and discharge the rule to show cause.

The order making absolute the rule to show cause granted upon the motion of the plaintiff, and the judgment entered pursuant to said order are reversed and set aside, and the rule is discharged; the costs incurred upon said rule and this appeal to be paid by the appellee.