## Thayer *v.* Thompson, Appellant.

*Beneficial associations—Corporations—Right to appoint beneficiary— Constitution—By-laws—Act of April 6, 1893, P. L. 7.*

A beneficial association whose membership is limited to employees of one of three departments of the municipal government of a city, is within the exemption contained in sec. 4 of the Act of April 6, 1893, P. L. 7, and a member of such an association may name as the beneficiary a person other than a member of his family, his heir, blood

relative, affianced husband or affianced wife, or a person dependent upon him.

Where the charter of a beneficial association provides that upon the death of a member, the death benefits shall be payable "to his widow or orphans, and such or either of them, or such other person or persons as the member may have designated," the member may designate as beneficiary a friend, although the by-laws of the association provide that "when a member has no living relative, a friend may be named." In such a case the by-law is not prohibitive but permissive; but even if it should be construed to be prohibitive, it is void as contravening the charter.

All the by-laws of a corporation to be of legal validity must be made in conformity with the charter, inasmuch as they are the working machinery of the charter.

Argued Jan. 13, 1908. Appeal, No. 277, Jan. T., 1907, by defendants, from order of C. P. No. 4, Phila. Co., Sept. T., 1906, No. 2,406, making absolute rule to pay over money paid into court in case of Susie B. Thayer v. Mary E. Thompson et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule to pay over money paid into court. Before AUDEN-RIED, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order making absolute rule to pay over money paid into court.

*Francis S. Laws,* with him *John F. Lewis,* for appellant.— Susie B. Thayer, not falling within any class designated by the Act of April 6, 1893, P. L. 7, could not legally be made the beneficiary of the fund : Wolpert v. Grand Lodge Knights of Birmington, 2 Pa. Superior Ct. 564; Thomeuf v. Knights of Birmingham, 12 Pa. Superior Ct. 195; Menovsky v. Menovsky, 19 Pa. Superior Ct. 427.

Under the charter of the Police Beneficial Association, Susie B. Thayer, "a friend," could not be made the beneficiary so long as there were "living relatives of the decedent."

*Wm. B. S. Ferguson,* with him *John A. Ward,* for appellee.—The Act of April 6, 1893, P. L. 7, has no application to this case: Compton's Est. 25 Pa. Superior Ct. 28; Schoales v. Order of Sparta, 206 Pa. 11.

The Act of April 6, 1893, P. L. 7, being eliminated under the law as laid down in Pennsylvania, and the charter and by-laws of the Police Beneficiary Association, the decree entered by the court below must be affirmed : McCullen v. Insurance Company, 2 Pa. Dist. Rep. 361; Appeal of Jordan et al., 10 W. N. C. 37 ; Philadelphia Savings Fund Society v. Clark, 11 W. N. C. 118; Folmer's App., 87 Pa. 133 ; Death Benefit Fund of the K. G. E. No. 39, 5 Pa. 385.

A member of a beneficial association, subject to the laws of the association, is entitled to name his beneficiary. An association has no discretion in the matter, but must issue the certificate to the person named : Scholl v. Sadoury, 42 Pitts. L. J. 43 ; Knights of Honor v. Martin, 13 W. N. C. 160 ; Fisk v. Equitable Aid Union, 20 W. N. C. 290 ; Beatty's Appeal, 122 Pa. 428; Vollman's Appeal, 92 Pa. 50 ; Jones's Appeal, 154 Pa. 107; Burst v. Weissenborn, 1 Pa. Superior Ct. 276 ; Hale v. Equitable Aid Union, 168 Pa. 377 ; Mulderick v. Grand Lodge, A. O. U. W. 155 Pa. 505 ; Jinks v. Banner Lodge, No. 484, 139 Pa. 414; Vollman's Appeal, 92 Pa. 50 ; Beatty's Appeal, 122 Pa. 428.

OPINION BY MR. JUSTICE BROWN, March 2, 1908 :

The Police Beneficiary Association was incorporated July 13, 1888, under the corporation Act of April 29, 1874, P. L. 73. Its purpose is " to maintain a society and to adopt and maintain such by-laws and rules as will be for the mutual benefit and protection of its members and to provide from moneys collected therein a fund to be paid over upon the death of any member to his widow or orphans and such or either of them, or such other person or persons as the member may have designated and in the manner of such designation, and, in default of such designation, to such person or persons as the by-laws of the association may direct." Membership in the association is limited to male persons " officially connected with the Bureau of Police, the Electrical Bureau and the clerical force of the Mayor's office of the city of Philadelphia." A member resigning, suspended or discharged from either of these departments does not lose his membership in the association so long as he complies with its rules.

Edward J. Millet became a member of the association on

March 9, 1896, and in the following May applied for and received from it a certificate, in which his mother, Bridget Millet, was designated as the beneficiary entitled to receive the money to become payable on his death.   She died February 23, 1904, and in lieu of the certificate in which she was named as beneficiary, Millet took out another, naming his friend, Susie B. Thayer, the appellee, as the beneficiary.   She was neither a blood relative nor his affianced wife and was not dependent upon him.   He died unmarried, leaving no children. His heirs at law and next of kin are  the appellants, who were all living at the time the certificate was taken out in favor of the appellee.   He died September 7, 1906, and the money payable by the Police Beneficiary Association under his contract of membership was claimed by the appellee, on the one hand, and by his brothers and sisters on the other.   She and they brought suits against the association.   Admitting its liability to pay the sum of $1,709 to one or the other of these claimants, it was granted leave to pay the fund into court, and the claimants were ordered to interplead, that it might be determined to whom the money belonged.   After the money was paid into court a rule was granted at the instance of the appellee requiring the appellants to show cause why it should not be paid to her, and there being no material fact to be passed upon by a jury, the rule was made absolute.   The only error assigned is that the court erred in making absolute the rule to show cause why the fund should not be ordered to be paid to Susie B. Thayer.

The claim of the appellee is resisted by the appellants on the ground that the designation of  her as a beneficiary in the certificate issued upon the application of Millet is void for two reasons :  " (1)  Because Susie B. Thayer, not falling within any class designated by the Act of April 6, 1893, P. L. 7, could not legally be made the beneficiary of the fund; (2) because, aside from the act, Susie B. Thayer could not under the provisions of the charter of the Police Beneficial Association be named his beneficiary so long as there were ' living relatives of the decedent.' "   Under their contention that the appellee could not be named as the beneficiary, that the designation of her is void, and that the certificate must be regarded as having in it the name of a deceased beneficiary, Bridget Millet,

the appellants claim the fund under art. IX, sec. 2 of the by-laws of the association, which provides that "If at the death of a member it shall be found that the beneficiary or beneficiaries named in said member's certificate are also deceased, payment of the amount of money derived from the assessment levied by reason of the said member's death shall be made to said member's heirs-at-law as if they had been specifically named."

By sec. 1 of the act of April 6, 1893, a society or voluntary association formed or organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit, shall pay death benefits to "families, heirs, blood relatives, affianced husband or affianced wife of or to persons dependent upon the member." The appellee belongs to none of these classes ; but by sec. 4 of the act it is further provided "that all beneficial and relief associations formed by churches, societies, classes, firms or corporations with or without ritualistic form of work, the privileges and membership in which are confined to the members of such churches, societies or classes and to the members and employees of such firms or corporations, shall be exempt from the provisions of this act." As membership in the Police Beneficiary Association is confined to a certain class, to male persons "officially connected with the Bureau of Police, the Electrical Bureau and the clerical force of the Mayor's office of the city of Philadelphia," it is clear that the association comes within the exception of sec. 4, exempting it from the provisions of the act. That one may continue a member of it after he resigns, is suspended or discharged from the police force, the electrical bureau or the clerical force of the mayor's office, does not affect the exemption of the association from the provisions of the act. It continues to be an association of a certain class—those who were, at the time they became members of it, employees in one of three departments of the municipal government of a certain city.

The provision in art. IX, sec. 4 of the by-laws that, "When a member has no living relative, a friend may be named," is not prohibitive, but permissive. But, even if it should be read, as appellants contend, as impliedly prohibitive of the designation of a friend when the member has a living relative, it is

void because it is in contravention of the association's charter, which is its supreme law in making its by-laws. "All by-laws of a corporation must be made in conformity with the charter, inasmuch as they are the working machinery of the charter:" Weimer's Pennsylvania Corporation Law, 91. "All by-laws to be of legal validity, must be made in conformity with the charter. They are but the working machinery of the charter, and are required to be framed in harmony with it. They are like the acts of the Legislature which must be consistent with the constitution under which the Legislature assumed to act, or they are void:" Langolf *v.* Seiberlitch, 2 Parsons, 64. "No corporation can make valid any by-law in conflict with its charter. That would be to enable the corporation to make a new constitution for itself, and thereby wholly defeat the object of the law which gave it birth:" Diligent Fire Co. v. Commonwealth, 75 Pa. 291. The charter provision of this association is, that out of the moneys collected by it there is payable, upon the death of a member, a fund "to his widow or orphans and such or either of them, or such other person or persons as the member may have designated." The charter right of designating a beneficiary is unlimited, and, under it, the deceased named the appellee, from whom the court below could not, therefore, have withheld what was awarded to her. Appeal dismissed and order affirmed at costs of appellants.