## Feldman *v.* Brith Achim Beneficial Association, Appellant.

*Beneficial societies — Benefits — By-Laws — Reasonableness — Contract.*

The by-laws of a beneficial association provided that no relative of a deceased member, except his wife, children or parent living in the United States, should constitute his family, so as to require the other members of the association to assess themselves to pay the endowment or death benefit therein provided for. A member of the association left as his nearest of kin a nephew

and two nieces, to whom he bequeathed "the money collected of the Metropolitan Insurance Company and fraternal organizations."

A member's will had no effect as respects this beneficial association, except to direct the proportion in which his surviving relatives, as named in the by-laws, could participate in the fund, and in the absence of such surviving relatives the society could not be required to pay.

The by-laws of a mutual beneficial association not inconsistent with the charter must govern among its members. The members of such an association have a right to limit the persons in whose favor they will assess themselves on the death of a brother-member, and such a provision is valid and binding on all the members.

Argued October 16, 1925. Appeal No. 29, October T., 1925, by defendant from decree of C. P. No. 1, Philadelphia County, March T., 1924, No. 6997, in the case of Jacob B. Feldman, Nathan M. Levey and Robert D. Goldfeder, Executors of the last will of Charles B. Goldfeder, v. Brith Achim Beneficial Association. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit to recover death benefits. Before BARTLETT, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Defendant appealed.

*Error assigned*, among others, was the decree of the court.

*Jacob Weinstein*, and with him *Harry M. Seidenberg*, for appellant.—The by-laws of the association constituted the contract and the plaintiffs were not entitled to payments thereunder: Marshall v. Pilots Ass'n., 206 Pa. 182; Beilstein v. Beilstein, 194 Pa. 155; Yerkes v. Stetson, 211 Pa. 558; Bair v. Robinson, 108 Pa. 247; B. & O. R. R. Co. v. Veltri, 37 Pa. Superior

Court 399; Grant v. Faires, 253 Pa. 232; Davis v. Gilroy, 66 Pa. Superior Court 326; Manneely v. Knights of Birmingham, 115 Pa. 309; Dickerson v. Midvale Beneficial Ass'n., 264 Pa. 415; McNeil v. Golden Cross, 131 Pa. 339; Masonic Aid Ass'n. v. Jones, 154 Pa. 105; Hunter v. Firemen's Ass'n., 20 Pa. Superior Court 608.

*George J. Edwards, Jr.,* for appellee, cited: National Endowment Co., 142 Pa. 450; Commonwealth v. Erie and North East Railroad Company, 27 Pa. 339; Sheetz v. Protected Home Circle, 256 Pa. 172; Freedman v. Fire Ass'n., 168 Pa. 249; Ice Co. v. Lake Lodore Imp. Co., 232 Pa. 293; Haney v. Hatfield, 241 Pa. 413.

OPINION BY KELLER, J., November 13, 1925:

The plaintiffs' right to recover in this action depends on the charter, constitution and by-laws of the defendant corporation. It is a beneficial association, incorporated under the Act of April 29, 1874, P. L. 73, section 2, clause IX. Its purpose, as declared in its constitution is, (1) to develop friendliness and brotherly love among its members; (2) to help a brother in case of sickness or in any other extraordinary necessity; (3) to take care of the burial of a deceased member, and to compensate his family with a certain amount. It does not issue benefit certificates. The by-laws provide for sick and funeral benefits, and for an "endowment" payable at the death of a member, who has belonged to the association for a full twelve months, or at the death of the wife of such a member. The amount of such endowment is fixed at $1,000 or $500 at the option of the member. "The usual endowment sum is $1,000. This sum is raised by assessing the members. Every member, however, has a right to decrease his endowment, as well as that of his wife, to $500 and he will be assessed accordingly" (By-laws, Art. 12, sec. 2). From this and other provisions of the

by-laws it will be seen that the death benefit is inappropriately termed an "endowment"; for it is not a fund created by regular payments of the members, but rather an amount raised on the death of a member by assessments levied upon the remaining members.

The by-laws provide that on the death of a member his widow, if she survive, is entitled to the "endowment". If the deceased member leaves no widow "the endowment shall be divided among the smaller children, who are not yet capable of earning a livelihood. Should such children not be left, the money shall be divided equally among all children, regardless of sex. But if a brother puts down in writing during his lifetime the way his endowment shall be divided between his wife and children, this testament shall be carried out by the Association. In case the deceased brother has left no wife or children, the endowment shall go to his parents living in the United States. But if he has left no parents living in the United States the Association is absolved from paying the endowment" (By-laws Art. 12, secs. 8 and 9).

The by-laws of a mutual beneficial association not inconsistent with the charter, must, in the very nature of the case, govern among its members: Myers v. Alta Friendly Society, 29 Pa. Superior Ct. 492. The members of such an association have a right to limit the persons in whose favor they will assess themselves on the death of a brother member; and such a provision is valid and binding on all the members: St. Mary's Beneficial Society v. Burford's Admr., 70 Pa. 321; Maryland Mut. Ben. Soc. v. Clendinen, Admr., 44 Md. 429; Hellenborg v. I. O. B. B., 94 N. Y. 580. The term "family" is an elastic one and that construction placed upon it by the by-laws in force when a member is admitted, and assented to by him, will be adopted, unless clearly unreasonable.

By the by-laws of this association, no relative of a deceased member except his wife, children, or parents

living in this country constitute his family, so as to require the other members of the association to assess themselves to pay the "endowment" or death benefit therein provided for. His estate as such has no interest in it: Hunter v. Firemen's Relief & Benevolent Assn., 20 Pa. Superior Ct. 605. His will is inoperative except to direct the proportion in which his widow and children (if he leaves any) shall share the fund to be raised by such assessment.

From the plaintiffs' statement it appears that Charles B. Goldfeder, at his death, left no widow, children, or parents living. He left as his nearest of kin, a nephew and two nieces, to whom he bequeathed "the money collected of the Metropolitan Insurance Co. and Fraternal organizations." But his will created no rights in his executors or nephew and nieces paramount to the by-laws governing this association. It is not averred that there has been any change in the by-laws since Goldfeder's admission as a member.

On the face of the plaintiffs' statement no right of recovery existed in favor of the plaintiffs against the defendant association and the court below should have so ruled.

There is nothing in the cases cited by the court below (Thayer v. Thompson, 220 Pa. 241; Com. v. Equitable Ben. Assn., 137 Pa. 412; Thomeuf v. Knights of Birmingham, 12 Pa. Superior Ct. 195; and Compton's Est., 25 Pa. Superior Ct. 28), which leads to a different conclusion.

In Thayer v. Thompson, supra, and Thomeuf v. Knights of Birmingham, supra, the charter or by-laws specifically provided that the benefits were payable to such person as the deceased member might designate to receive the same; and a designated person other than a member of his family was held entitled to the fund. In Compton's Est., supra, the member designated his estate as the beneficiary of the fund. In Com. v. Equitable Ben. Assn., supra, the Supreme

Court distinguished a beneficial association from an insurance company, pointing out that the beneficial features of the former "may be of a narrow or restricted character" (p. 420). None of them are decisive of this case.

The assignments of error are sustained. The judgment is reversed and is now directed to be entered for the defendant.