Cuberka, Appellant, v. Pennsylvania Slovak Roman and Greek Catholic Union of United States of America.

98

Argued May 4, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Francis Taptich,* for appellant.

*Sanford M. Chilcote,* with him *Dickie, Robinson & McCamey,* for appellee.

OPINION BY HIRT, J., July 13, 1939:

This appeal from a judgment in favor of the defendant, an incorporated mutual fraternal benefit society, involves the single question whether Michael Cuberka was a member of the society in good standing at the time of his death. Plaintiff is his widow and his named beneficiary.

The defendant is the parent society domiciled at Hazelton, Luzerne County, in this state. Under its constitution and by-laws, subordinate lodges are created, one of which was Branch No. 242 of Pennsylvania Slovak Union originally at Uniontown and later moved to Masontown. Membership in defendant society can be acquired only by membership in a subordinate lodge. Michael Cuberka was admitted to membership in that local lodge on January 3, 1916, and received a certificate of membership which recites: "This certificate is issued ...... upon the ...... condition that this certificate, the charter or articles of incorporation, the constitution and by-laws of the association, the appli-

cation for membership ...... shall constitute the agreement between the union and the said member." The constitution also contains a provision that "the Articles of Incorporation and the by-laws now in force or which may hereafter be adopted, the application form, medical examination form and the benefit certificate shall constitute the contract between the member and the P. S. U." Therefore, on the death of Michael Cuberka on May 9, 1935, the plaintiff's rights, as beneficiary, to recover benefits under the contract of her husband with the defendant corporation, are defined and limited by the by-laws then in force: *Feldman v. Brith Achim Ben. Ass'n,* 86 Pa. Superior Ct. 409.

Under the organization as established by the by-laws, defendant corporation dealt with each subordinate branch as a unit, and not with the members of the branch as individuals. Monthly the amount due from each branch was determined by defendant, and an assessment was made against the subordinate lodge and not against the individual members composing it. The duty then was imposed upon the local lodge to make the necessary collections from its members, and to forward the total amount of the assessment to the Supreme Treasurer of defendant corporation in a lump sum. Under "Duties of the President" the constitution provides: "He shall have the right to suspend any branch which is thirty days in arrears in the payment of any assessment. If such society shall remain in arrears fourteen days additional, the President shall expel such branch."

It is established upon competent evidence that the local lodge was in default in the payment of assessments continuously for more than two years prior to April 7, 1932, and on that date defendant's President, in accordance with the above provision of the constitution, gave due notice to Branch No. 242 Uniontown-Masontown to communicate with the supreme office and settle its obligation within fourteen days on penalty of suspension. In addition to the above notice, defendant's President also, on May 7, 1932, wrote Michael Cuberka, an

officer of the local lodge, as follows: "This is to advise you that your branch is suspended for nonpayment of dues and you have until May 25th to straighten your dues if you desire to be reinstated." The arrearages due from the local lodge were not paid in response to these notices, and Branch No. 242 was suspended and finally expelled by defendant's President on May 31, 1932. This local branch then ceased to exist because of a by-law which provides: "Any society which is expelled ...... is considered as dissolved."

Michael Cuberka's membership in the defendant organization terminated with his membership in the local lodge when that branch was dissolved by expulsion from the parent body. The dissolution of his local lodge, however, did not work a forfeiture of all of his rights as member. His dues were paid up and he at the time could have joined another branch lodge. This right was given him by the following by-law: "those [members] in good standing may join another lodge to preserve the rights of an individual." Cuberka paid no dues after his local lodge was dissolved, but even after his dues as an individual were in arrears he had the further right of reinstatement by transfer to another local lodge in good standing, by paying the amount of his arrearage. He did neither, and when he died on May 9, 1935, he was not a member of defendant society or of any branch thereof or subordinate local lodge.

The questions involved were submitted to the jury in a clear charge, adequate in every essential, and the above conclusions of fact must be regarded as established by the verdict of the jury in favor of defendant. Since Cuberka was not a member of defendant society, or of any subordinate local lodge at the time of his death, his widow and beneficiary has no right of action on a certificate which became void upon the termination of her husband's membership.

We are unable to find substantial error in any of the assignments of error.

Judgment affirmed.