## Brown *versus* Commonwealth.

1. *Semble* that shareholders of a private corporation cannot vote by proxy without a special provision in their charter allowing them to do so.
2. A charter declaring that "each person being *present* at an election" shall be entitled to vote, means an actual and not a constructive presence.

ERROR to the District Court of *Philadelphia*.

*Waite*, for plaintiff in error.

*Earle* and *Phillips*, for defendant in error.

The opinion of the court was delivered March 22, 1856, by

LEWIS, C. J.—There is some difference of opinion on the question whether the stockholders in a corporation purely of a private nature have a right to vote by proxy. *Nale* v. *Indor*, 5 Day, 329; *Taylor* v. *Griswold*, 2 Green's N. J. Rep. 223; Angel & Ames on Corporation, 95. But it seems reasonable to hold that in a case where the shareholders are embarked in a common enterprise, and where the vote of each affects the interest of the others in the management of the concern; the election of directors shall take place under circumstances favorable to a consultation with each other, so that they might have the benefit of each other's views and information relative to their common interest. This can only be done by requiring the stockholders to be present when voting. It is not necessary, however, to decide this question in the case now before us. The charter declares that "each person being *present* at the election" shall be entitled to vote, and there is no provision in favor of voting by proxy. By the term "*present*" we understand the charter to mean an actual, not a constructive presence. This is the ordinary sense of the word. The clause in question by strong implication excludes all voting by *absent* stockholders. The errors in conducting the former elections passed *sub silentio*, and cannot control the clear intention of the

VOL. III.—14

charter. It was no part of the duty of the stockholders to give previous notice of their intentions to insist on a compli-·ance with the requirements of the charter. The instrument itself was sufficient notice of what would be required. The judgment of the court below was correct.

Judgment affirmed.