# Commonwealth ex rel. Verree *versus* Bringhurst, et al.

Members of a corporation have no right to vote by proxy at a corporate election, unless such right is expressly conferred by the charter or by a valid by-law of the corporation.

March 28th 1883. Before Mercur, C. J., Gordon, Paxson, Trunkey, Green and Clark, JJ. Sterrett, J., absent.

Error to the Court of Common Pleas No. 2, of *Philadelphia county :* Of January Term 1883, No. 261.

Quo warranto, by the commonwealth of Pennsylvania, ex relatione John P. Verree, et al., against John H. Bringhurst, et al., to determine the right of the defendants to hold the office of directors of the Philadelphia Iron & Steel Company, a corporation chartered by special Act of April 12th 1867 (P. L. 1211).

The suggestion of the relators set forth, inter alia, the following facts : Section 2 of the Act of incorporation provides : "That the affairs of said company shall be managed by a board of five directors, one of whom shall be the president, who shall be chosen by the stockholders ; all elections shall be by ballot, and every share of stock upon which the required installments have been paid in, shall entitle the holder thereof to one vote." Article 8 of the by-laws provides : "The stockholders shall meet on the second Thursday in October in every year, at such place in the city of Philadelphia as may be designated by the

[Commonwealth *v.* Bringhurst.]

notice issued by the board," and article 9 provides : "The election of officers shall hereafter take place annually at the stated meeting in October."

On October 12th 1882, a stated annual meeting of the company was held, for the purpose of electing five directors to serve for the ensuing year, and to designate one of these directors as president of the company. At this election William W. Liebert, a stockholder, having voted upon 200 shares of stock in his own right, presented the proxy of Allen Middleton, who was the registered owner of 125 shares, and offered to vote the same in favor of the relators as directors, designating John P. Verree as president. Objection was made thereto, upon the ground that votes by proxy could not be given. The said vote by proxy was received by the inspectors of election under protest, the judge of the election deciding that the offer to vote by proxy was regular and lawful. Other votes by proxy were then received by the inspectors of election, also under protest. At the close of the poll the inspectors of the election refused to count any of the votes cast for the relators which had been given by proxy, amounting to thirteen hundred and fifty-two shares (notwithstanding the fact that the judge of the election had decided in favor of their validity), and reported to the meeting that two hundred shares had been cast for the relators for the office of directors, and two hundred shares for John P. Verree as president, and that twelve hundred and thirty shares had been cast for the defendants, John H. Bringhurst et al., and for John H. Bringhurst as president. The judge of the election refused to sign this report, and himself presented a report setting out that the relators had received a majority of all the votes, according to the above facts.

The defendants demurred, upon the ground that, under the charter of the corporation, which did not expressly confer the power to vote by proxy, votes could not be received unless presented by the shareholder in person.

After argument the court sustained the demurrer and entered judgment for the defendants. Whereupon the relators took this writ, assigning for error the action of the court sustaining the demurrer.

*R. C. Dale* and *Samuel Dickson*, for plaintiffs in error.— The rule of the common law, established when municipal, religious, and charitable corporations were alone known, has no application to trading or monied corporations where the relation of the members is not personal. In the former, the units are persons, in the latter the units are shares : State *v.* Tudor, 5 Day 329. The case of Taylor *v.* Griswold (2 Green, N. J. 223) manifests a narrow adherence to common-law doctrines,

and the other cases cited on the other side are not authorities. Philips *v.* Wickham (1 Paige 590, 598), was the case of a quasi municipal corporation. Brown *v.* Commonwealth, (3 Grant 209) was decided on an express limitation in the charter, and Craig *v.* Church (7 Norris 42) was the case of a religious society. An examination of the general legislation of this state shows that the legislature regarded the right of shareholders to vote by proxy as an inherent right without special enactment: Iron Man. Companies Act of June 16th 1836, Purd. Dig. 811; Insurance Companies Act of April 2d 1856, Id. 791; General Railroad Law of February 19th 1849, Id. 1215; Gas and Water Co. Act of March 11th 1857, Id. 742; Manufacturing Co. Act of April 7th 1849, Id. 992; Mining Co. Act of April 21st 1854, Id. 1079; Trading Co. Act of July 18th 1863, Id. 1408; Turnpike Co. Act of Jan. 26th 1849, Id. 1429: Also the English Companies Act of 1862. In all business transactions what one does by another he does himself, and what he can do himself he can do by another: Story on Agency, § 3. If a vote can not be given by proxy, the Guarantee Trust Company, which is the largest holder of this stock, is disfranchised, for a corporation can only act through an agent.

*George R. Van Dusen* and *W. Heyward Drayton*, for the defendants in error.—The right to vote by proxy is not a general right of corporations at common law, and the party who claims it must show either : (*a*) A general statute law conferring the right; (*b*) An express charter authority; (*c*) A by-law made in pursuance of a power conferred in the charter; (*d*) Or, perhaps, a usage or practice in this corporation of receiving votes by proxy amounting to an unwritten by-law, where the charter confers the right to make such a by-law : Phillips *v.* Wickham, 1 Paige 590, 598; Brown *v.* Commonwealth, 3 Grant 209; Craig *v.* The Church, 7 Norris 42; Taylor *v.* Griswold, 14 N. J. Law 222; People *v.* Twaddell, 18 Hun 427; Harben *v.* Phillips, 74 Law Times 118.

There is no authority in the charter, nor by general statute of Pennsylvania, and no custom to vote by proxy in this corporation has been shown. The Trading Co. Act of 1863 expressly gives the right to vote by proxy, implying, therefore, that in the absence of such a grant it could not be exercised.

The doctrine of principal and agent invoked by relators, while binding in individual transactions, has no application when applied to a corporation. Being an artificial person, purely the creature of statute, the powers and authority of its members are regulated by that statute alone. In this corporation the power to vote by proxy not being expressly conferred

[Commonwealth v. Bringhurst.]

is withheld, and its stockholders have no power to vote by means of an agent. Bank of Pa. v. Commonwealth, 7 Harris 144; Commonwealth v. E. & N. E. R. Co. 3 Casey 339.

Chief Justice MERCUR delivered the opinion of the court, April 16th 1883.

The relators are stockholders of the Philadelphia Iron and Steel Company. It was incorporated by special Act of 12th of April 1867.

The contention is, whether the stockholders may vote by proxy, in the annual election of officers of the corporation?

Section 2 of the Act declares "the affairs of said company shall be managed by a board of five directors, one of whom shall be the president, who shall be chosen by the stockholders. All elections shall be by ballot, and every share of stock upon which the required instalments have been paid, shall entitle the holder thereof to one vote." Section 3, inter alia, authorizes the corporation to "make all needful rules, regulations, and by-laws for the well ordering and proper conduct of the business and affairs of the corporation. Provided the same in no wise conflict with the constitution and laws of this State or of the United States."

The charter in no wise refers to voting by proxy. No by-law has been adopted authorizing the stockholders to so vote.

In the absence of any express authority in the charter, and without any by-law authorizing it, the question is whether the stockholders may vote by proxy. In other words, is it a power necessarily incident to the corporate rights of the stockholders?

A corporation is the mere creature of the law. It cannot exercise any power or authority other than those expressly given by its charter, or those necessarily incident to the power and authority thus granted, and therefore, in estimation of law, part of the same: Wolf v. Goddard, 9 Watts 550; Diligent Fire Co. v. Commonwealth, 25 P. F. Smith 291.

The right of voting at an election of an incorporated company by proxy is not a general right. The party who claims it must show a special authority for that purpose: Angell & Ames on Corporations § 128; Philips v. Wickham, 1 Paige's Cases in Chancery 590. In this case, Chancellor WALWORTH says, the only case in which it is allowable at the common law is by the peers of England, and that is said to be in virtue of a special permission of the King. He adds "it is possible that it might be delegated in some cases by by-laws of a corporation, where express authority was given to make such by-laws, regulating the manner of voting." In the People v. Twaddell, 18 Hun 427, it was held, a stockholder cannot so vote unless expressly authorized by the charter or by-laws. Taylor

[Commonwealth *v.* Bringhurst.]

*v.* Griswold, 2 Green (N. J.) 222, holds that a right of voting by proxy is not essential to the attainment and design of a charter, and even a general clause therein authorizing the company to make by-laws for its government was insufficient of itself to give that right. In State *v.* Tudor, 5 Day (Conn.) 329, there was no clause in the charter authorizing the stockholders to vote by proxy : yet the company made a by-law authorizing them to so vote. The validity of this by-law was sustained by a majority of the court. So in People *v.* Crossley, 69 Ill. 195, effect was given to a by-law of the corporation, authorizing voting by proxy, the by-law not being in conflict with the Constitution and laws of the state.

That a right to vote by proxy is not a common law right, and therefore not necessarily incident to the shareholders in a corporation appears to have been recognized in Brown *v.* Commonwealth, 3 Grant 209, and in Craig *v.* First Presbyterian Church, 7 Norris 42.

The selection of officers to manage the affairs of this corporation requires the exercise of judgment and discretion. They must be elected by ballot. The fact that it is a business corporation in no wise dispenses with the obligation of all the members to assemble together, unless otherwise provided, for the exercise of a right to participate in the election of their officers. Although it be designated as a private corporation, yet it acquired its rights from .egislative power, and it must transact its business in subordination to that power. As then the relators cannot point to any language in the charter expressly giving a right to vote by proxy, and it is not authorized by any by-law, they have no foundation on which to rest their claim. Judgment was correctly entered for the defendants on the demurrer.

Judgment affirmed.