## Boyd v. The Automobile Club of Phila.

Nochem S. Winnet, for plaintiffs.

David F. Maxwell, for defendant.

WEINROTT, J., October 28, 1964.—Plaintiffs are individual members of defendant, The Automobile Club of Philadelphia, a nonprofit corporation. These members brought this complaint in equity as a class action seeking to enjoin defendant from conducting a special meeting of its members set for October 7, 1964, at 10:30 a.m. to vote on a proposed merger of defendant and The Keystone Automobile Club, another Pennsylvania nonprofit corporation. A preliminary injunction was asked to postpone the meeting date, and to declare invalid voting by proxies which had allegedly been solicited for use at the time of the meeting.

Upon consideration of plaintiffs' complaint and the

testimony adduced at the time of the hearing on the preliminary injunction, this court determined:

1. That neither the bylaws nor the constitution of defendant, The Automobile Club of Philadelphia, permit the solicitation or voting by proxy on the question of the proposed merger with The Keystone Automobile Club.

2. That the solicitation and intended use of votes by proxy at the meeting set for October 7, 1964, was invalid and contrary to the statutes and law of this Commonwealth.

The right to vote by proxy was not a common law right and the party who claimed such right was obligated to show special authority for that purpose: Craig v. First Presbyterian Church of Pittsburgh, 88 Pa. 42; Commonwealth ex rel. Verree v. Bringhurst, 103 Pa. 134; 18 C.J.S. §550, p. 1249; 8 P.L. Encyc. 594, §96.

The Nonprofit Corporation Law, Act of May 5, 1933, P. L. 289, provided: "Unless otherwise provided in the articles or by-laws, every member of a nonprofit corporation shall be entitled to one vote. Voting by members shall be only in person, unless the by-laws specifically provide for voting by proxy. . . ." An amendment in 1951, while modifying some other provisions of article VI, sec. 606, of this law, incorporated these identical quoted provisions with respect to members' voting rights.

Section 606 was again amended on August 24, 1963, but the language which has been set forth with respect to the voting rights of members remained intact word for word.

Despite this glaring mandate established in the common law and carried forward for so many years in the statute law of this Commonwealth, defendant contends that authority is contained in article VIII, sec. 802, of the Nonprofit Corporation Law, as last amended

on August 24, 1951, P. L. 1366, to permit voting by proxies with respect to mergers. This section, insofar as it makes reference to proxy voting, provides:

"Before the application is made to the Court, a joint plan of merger or consolidation, as the case may be, setting forth the terms and conditions of the merger or consolidation and such other details and provisions as are deemed necessary, shall be approved by the affirmative vote of at least a majority of the members of each of the merging or consolidating domestic corporations who are then present in person or by proxy and entitled to vote thereon, at a regular or special meeting of each domestic corporation convened after at least ten days' written notice to all the members of this purpose. If the proposed plan of merger or consolidation would make any change in the rights of the members of any class of a domestic corporation, then the members of such class shall be entitled to vote as a class upon such plan, whether by the terms of the articles of the corporation such class is or is not entitled to vote, and, in addition to the vote herein required, the affirmative vote of at least a majority of the members of each class so affected by the plan who are present in person or by proxy at such meeting shall be necessary for the adoption thereof. . . ."

To read into this provision an effort and intention on the part of the State legislators to change the strongly ingrained and declared voting rights of members of a nonprofit corporation would be to achieve, in our opinion, an absurd and unconstitutional conclusion. It would permit direct contravention of section 606, despite its restatement in an amendment as recently as August of 1963. It is significant that the last amendment of the merger or consolidation section in question was in 1951.

Section 802 was obviously drawn to require approval of a joint plan of merger by the affirmative vote of the

majority of the members of each corporation at a special or regular meeting convened for this purpose. Reference is made to voters present in person or by proxy only in the general sense that one or both of the corporations who are planning to merge may by bylaw or constitution permit voting by proxy. However, the bylaws of the defendant cannot be construed to grant this right.

Defendant also argues that the bylaws themselves do contain a provision which permits voting by proxy. Our analysis, however, is that voting by proxy is limited by the bylaws to the election of directors and that there is absolutely no basis whatsoever for voting by proxy in a matter of this nature.

Accordingly, we were constrained to enter an order granting the preliminary injunction.